WILLIAM H. HERRING v. THOMAS DRAPER.

In an action on the case for fraud and deceit practiced on the plaintiff by the defendant in a written contract of sale of timber on a tract of woodland, in which the limits of the tract are not stated, it is competent to prove that the defendant, after the execution of the contract, stated and pointed out the limits to the plaintiff. The foundation of the action being the fraud and deceit alleged by the plaintiff in the transaction, the representations made by the defendant, and by reason of which the plaintiff was induced to make the purchase, must not only be proved to have been false and untrue, but also that the defendant knew them to be untrue when he made them : and it must also be shown that such representations were made to the plaintiff, or his agent, before or at the time of making the contract.

ACTION on the case for fraudulent and deceitful representations made by the defendant to the plaintiff, in a sale by the former to the latter of the wood and timber, to be cut by the plaintiff, on ninety acres of woodland owned by the defendant.

The contract for the sale and cutting of the wood between the parties was in writing and bore date the 18th day of May 1857, and by the terms of it the defendant sold to the plaintiff a certain parcel of timber and wood on about ninety acres of land lying on the west side of

the road leading from Berrytown to Whitehall in Kent County, for which the latter was to pay the former one hundred dollars, and the balance, which was four hundred dollars, in four equal annual installments on Christmas day in that year and on Christmas day in each and every year thereafter, until the whole was paid, the same to be secured by bond with approved security; the plaintiff was to cut and clear off the wood and timber for the defendant's use on twelve acres of the tract within one year from the date of the agreement, twenty acres in one year thereafter, twenty acres more in one year thereafter, and the remainder within four years from the date of the contract. By a postscript endorsed on the back of the agreement in the handwriting of the defendant in May 1858, it was agreed by him that if the plaintiff should, by the 6th of May 1860, cut and clear off all the wood and timber embraced in the within contract, which lay on the south side of the big ditch which ran through the whole tract, so that the defendant could have it to his use by that time, he was to extend the time for cutting and clearing off the wood and timber on that part of the tract which lay on the north side of the said ditch, two years from the time named in the within agreement.

A witness was called for the plaintiff, who proved the contract and was proceeding to state that some time after it was executed, the defendant came down to the land where they had been cutting, and run out the lines of the contract, and only two trees were then found to be cut over the line which he pointed out and said was his line; when the counsel for the defendant interposed the objection that as this was an action for a deceit and fraudulent misrepresentations in this and other respects practiced by the defendant in the making of this contract, no representations made by him after the contract was entered into and executed between the parties were admissible.

*By the Court*; The contract does not in itself define the limits of the tract of woodland referred to, although it

speaks of a large ditch as running through it and the tract as lying on both sides of it and containing about ninety acres. It was therefore competent to show that the defendant, either before or after the execution of the contract, pointed out the boundaries, or stated or showed where the tract, or any part of it lay, for this was not adding to, varying, or explaining the written contract in any particular by parol evidence, except as it must always be done in a greater or less degree in every such agreement, in order to apply it to the subject matter of it.

The plaintiff then proceeded and proved that the defendant had sold the timber on the tract to him, as good timber which had not before been cut over, and that it ought to have been such at the price he was to pay for it. That he had repeatedly said that the best timber was on the west side of the ditch, and that about one-half of it was on that side of the ditch; but that there was no timber on that side of it on his land at the time of making the contract, which had not before been cut over, except a small piece set in sweet gum; and that what he had been able to procure from that portion of the tract, was deficient in quantity and of comparatively little value. The defendant proved that a few days before the execution of the contract, he went with the agent of the plaintiff to the tract of woodland and showed him the line of it, and the limit to which his timber extended in that di-. rection, and that he had only represented to the plaintiff when the agreement was entered into between them, that about one-half of it was on the west side of the ditch, and that the best of the timber was on that side and had not been cut over so much as on the other side, and that an axe had never been struck into a part of it lying on the west side. He also proved that the tract had been cut over before to some considerable extent on both sides of the ditch, but that on the western side was at the time the contract was made, quite as good as the timber on the eastern side of the ditch, if not better; and, that the plaintiff had cut over the line shown by him to his agent

on the western side of the ditch, on Coursey's land, and had thereby subjected himself to an action at the suit of Coursey; but that he had never claimed the land so cut on, and had never sold the timber on it to the defendant.

*Eli Saulsbury* for the plaintiff: Fraud may be inferred from facts and circumstances. *Ch. on Contr.* 690. The fraud on which he relied and which he should insist had been proved, was the sale of the timber cut and belonging to the adjoining owner Coursey, by the defendant to the plaintiff with a knowledge on his part at the time, that the timber and land belonged to Coursey and not to himself. Where any one affirms that to be true which he knows to be false, or which he does not know to be true, to the detriment and loss of another and his own gain and advantage, it is fraudulent and actionable. 2 *Smith's L. C.* 174. 7 *Cranch*, 69. 13 *How.* 198. 2 *East* 92. 6 *Johns Rep.* 181. 2 *Smith's L. C.* 170 *in note*. Fraudulent representations as to boundary and quantity of land by a vendor, are actionable. 2 *Smith's L. C.* 173. 16 *Alab. Rep.* 785. Knowledge of the falsehood of the thing asserted, is fraud and deceit. *Carth.* 90. And the existence of the falsehood, fraud and deceit, is a fact for the jury to determine. 3 *Johns Rep.* 271.

*Fisher and E. D. Cullen* for the defendant: They should not controvert the law as stated, nor the authorities cited on the other side. They should deny, however, their application to the proof in the present case; for it was conceded on the other side, that it was incumbent on the plaintiff in this case, to establish to the satisfaction of the jury, first, that the defendant sold to him some forty acres of Coursey's timber, and in the next place, that the defendant knew that it was Coursey's timber, or at least, that it was not his own, when he sold it to the plaintiff. As to which the proof had entirely failed. The complaint, or foundation of the action in the present case,

was that the defendant had deceitfully and fraudulently
sold to the plaintiff the right and privilege of cutting
and taking away for his own use, the wood and timber
on a certain quantity of land, well-knowing at the time
of the contract of sale, that he did not own the timber,
or the land on which it stood.   Something had been said
in the course of the testimony, by one or more of the
witnesses, about the plaintiff's having been sued and
mulcted in damages by Coursey for cutting on his land;
but there was no other, or further proof of the fact.

Now, the first question which they should present for
the consideration of the court was, that it was necessary
for the plaintiff to prove in this case, and that too in the
regular and legitimate method, by the production of the
record, that he had been evicted from the land and had
lost his right and privilege to cut the wood and timber
on the part referred to, by the superior and paramount
title of some other person in the land.   As to the ques-
tion of fraud, the fundamental principle of law was, that
it was so odious that it is never to be inferred or presumed,
but must be actually proved, which had not been done in
this case, nor had any fact or circumstance been estab-
lished in evidence, from which it could be justly inferred,
by the court or the jury, were they at liberty to presume
it.   There was also another principle of law equally per-
tinent and applicable to the case, and it was that which
was so strikingly and forcibly expressed in the establish-
ed maxim, *caveat emptor—let the purchaser beware,* and see
to what he is buying.   The signification of which is, that
every person competent to contract, on entering into it
is bound to exercise a due degree of caution and observa-
tion, and if, therefore, any misrepresentation be made in
a matter which a person of ordinary judgment, vigilance
and discretion has an opportunity of discovering and de-
tecting, it is not fraudulent in legal contemplation; for
the law favors the vigilant, not the sleeping.   Now, it
was both competent and convenient for the plaintiff in
this case, either before, or pending the negotiation for

the purchase of the wood-leave, to visit and inspect the land, and also to ascertain the title and limits of the same, the condition of the timber upon it, the quantity and quality of it on each side of the ditch running through it. This remark would more particularly apply to the representations made in regard to the quantity and quality of the timber on the western side of the ditch, and about which we had all heard so much at this late day in the case, but as to which there was no fraud proved in the case, whilst there was not the slightest pretext for alleging, or complaining that the defendant had deceived or misled the plaintiff, as to the boundary of it, for it was positively proved that he went with the agent of the latter to the land and carefully pointed out the limit to him, to which his timber extended.

*The Court, Gilpin Ch. J., charged the jury:* The action was for an alleged deceit practiced on the plaintiff by the defendant, as the former asserts, in the sale of the timber under the written contract which had been proved and submitted to them in the case. The ground of the action was the alleged deception or deceit, and the gist of it was the fraudulent purpose and design with which it was alleged to have been done, and which must be proved. If the tract of woodland referred to in the instrument, had been defined by actual boundaries, or by courses and distances, this controversy perhaps, would not have arisen between the parties; for the dispute now is in regard to the location in part, of the timber sold by the defendant to the plaintiff, and the representations made, or alleged to have been made, by the former in regard to that matter, and also as to the quantity and quality of the timber on a portion of the tract. As to which, the jury had heard the evidence on both sides, and it would be for them alone to determine the facts to which that evidence related. There was one thing, however, of which it was proper the court should apprise them, that this was not an action technically founded on

the contract for a breach of it, but was an action on the case, as it is termed, based on the alleged deceit and fraud of the defendant in falsely and knowingly misrepresenting the limit and quantity, as well as quality, of at least, a part of the timber on the west side of a large ditch running through the tract; and as the fraud and deceit which is alleged, is the sole foundation of the action, it is necessary for the plaintiff .to prove, in order to establish such alleged fraud and deceit, and to entitle him to recover, not only that the representations of the defendant on these points were false, by reason of which the plaintiff was induced to make the purchase, but also, that he knew them to be untrue at the time when he made them.   And whatever these representations may have been proved to be to the apprehension of the jury, it must also be shown for this purpose, that they were made to the plaintiff, or his agent, either before, or at the time of making of the contract; for no representations made afterwards, could have had any effect to induce the plaintiff to enter into it.